FILED: 8/17/2022 9:33 AM
Vickie Edgerly, District Clerk
Orange County, Texas
Envelope No. 67372932
Reviewed By: Annette Vaughan

CAUSE NO. 220096-C

| | | |
|---|---|---|
| LUIS ALBERTO RAMOS-ORTIZ, *Plaintiff,* | § § § | IN THE DISTRICT COURT |
| V. | § § § | 260th JUDICIAL DISTRICT |
| BAYOU LOGISTICS, LLC, BRIAN CURTIS MORRIS, ANDREW J. BENNETT, AND DELTA SALES AND LEASING, INC., *Defendants.* | § § § § § | ORANGE COUNTY, TEXAS |

**PLAINTIFF'S FIRST AMENDED PETITION**

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES** LUIS ALBERTO RAMOS-ORTIZ ("Plaintiff"), complaining of and of BAYOU LOGISTICS, LLC, BRIAN CURTIS MORRIS, ANREW J. BENNETT, and DELTA SALES AND LEASING, INC. (together, "Defendants"), and for cause of action would show the Court the following:

**I.
DISCOVERY CONTROL PLAN LEVEL**

1. Plaintiff intends that discovery be conducted under Discovery Level 3.

**II.
PARTIES AND SERVICE**

2. Plaintiff LUIS ALBERTO RAMOS-ORTIZ is an individual whose address is located at 170 Manuel Doblado, San Pedro, Mexico 27800.

3. Defendant BAYOU LOGISTICS, LLC, is a foreign corporation existing under the laws of the State of Louisiana, with its principle office located at 2925 S. Highway 65, Eudora, Arkansas, 71640. Defendant is a motor carrier operating under U.S. DOT#3304191, that conducts business in and uses the public streets and roadways of the State of Texas. Defendant's business and use of the roadways of the State of Texas gave rise to the incident made the basis of

Plaintiff's cause of action. Accordingly, Defendant may be served with process, by certified mail, through their registered agent, All American Agents of Process c/o Jeffrey Fultz, 1221 McKinney, Suite 4300, Houston, Texas 77010.

4. Defendant BRYAN CURTIS MORRIS is an individual who is a resident of the State of Louisiana. Defendant has entered an appearance in this matter and service is not necessary at this time.

5. Defendant ANDREW J. BENNETT is an Individual who is a resident of the State of Louisiana. Accordingly, Defendant may be served with process at his residence located at 194 Horton Lane, Oak Grove, LA 71263, or wherever he may be found.

6. Defendant DELTA SALES AND LEASING, INC., is a foreign corporation formed and existing under the laws of the State of Mississippi, with its principle office located at 6045 I 55 S, Byram, Mississippi, 39272. Defendant has entered an appearance in this matter and service is not necessary at this time.

### III.
### JURISDICTION AND VENUE

7. The subject matter in controversy is within the jurisdictional limits of this Court.

8. The Court has jurisdiction in this case because the amount in controversy, exclusive of interest and costs, is within its jurisdictional limits, as Plaintiff, in compliance with Tex. R. civ. P. 47, states that monetary relief over $1,000,000.00 is sought by way of this suit. However, the amount of actual damages awarded should be subject to the evaluation of the evidence by a fair and impartial jury.

9. This Court has jurisdiction over the parties because the Defendants availed themselves of the laws of the State of Texas, by conducting business in Texas.

10. Venue in Orange County is proper in this cause under Section 15.002(a)(1) of the

Texas Civil Practice and Remedies Code, because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in Orange County.

## IV.
## FACTS

11.  This is a personal injury lawsuit arising from a rear-end collision that occurred on May 15, 2021, on Interstate Highway 10 (at reference marker 878), in Orange County, Texas, in the City of Orange. At that time, Plaintiff LUIS ALBERTO RAMOS-ORTIZ was operating a 2019 white Freightliner tractor-trailer, VIN # 3AKJGLDR8KSKL6940, with identification COAH212708. Defendant BRYAN CURTIS MORRIS was operating a 2016 white Freightliner Coronado tractor-trailer, VIN# 3ALXFBCG6GDGS5402, and license plate number P264505, while pulling a 2003 silver Polar trailer, VIN # 1PMS3432631026360, and license plate number 5382EL.

12.  The Plaintiff and Defendant were both traveling east bound in the right lane, and Plaintiff was directly in front of Defendant Morris. Plaintiff thereafter slowed due to traffic conditions when he was struck from behind by Defendant Morris. The impact was so great that Plaintiff's body was thrown about in his cab. The violent rear-end wreck caused severe and permanent injury to Plaintiff, as well as damage to the tractor-trailer that he was driving.

13.  At the time of the incident the basis of Plaintiff's cause of action Defendant BRYAN CURTIS MORRIS was an employee or statutory employee of Defendants, and under the dispatch of Defendants, as listed above, transporting a load over the highways of the State of Texas, and while in the course and scope of his employment or statutory employment. Defendant BRYAN CURTIS MORRIS had use, possession, and control of the tractor/trailer on the date of the wreck with expressed or implied permission of Defendants, including but not limited to BAYOU LOGISTICS, LLC and Defendant ANDREW J. BENNETT, which Defendants are

authorized Federal Motor Carriers.

Among other things as outlined below, the truck/tractor trailer wreck with the Plaintiff's tractor-trailer occurred as a result of the negligence of the commercial motor vehicle operator MORRIS and the direct and independent negligence of the motor carrier BAYOU LOGISTICS, LLC, and other Defendants as the case may be, which employed Defendant MORRIS, and has resulted in serious and disabling personal physical injuries and physical sickness to Plaintiff LUIS RAMOS-ORTIZ.

## V.
## PLAINTIFF'S CLAIMS OF NEGLIGENCE AGAINST DEFENDANT BRYAN CURTIS MORRIS

14. Defendant BRYAN CURTIS MORRIS had a duty to exercise the degree of care that a reasonably careful person (professional truck driver) would use to avoid harm to others under circumstances similar to those described herein, given his status as a professional truck driver.

15. Plaintiff's injuries were proximately caused by Defendant BRYAN CURTIS MORRIS's negligent, careless, and reckless disregard of said duty.

16. The negligent, careless, and reckless disregard of the duty of Defendant BRYAN CURTIS MORRIS consisted of, but is not limited to, the following acts and omissions:

    A.    In that Defendant BRYAN CURTIS MORRIS, a professional driver of a tractor/trailer, failed to keep a proper lookout for Plaintiff's safety and the safety of the motoring public that would have been maintained by a person of ordinary prudence under the same or similar circumstances;

    B.    In that Defendant BRYAN CURTIS MORRIS, a professional driver of a tractor/trailer, failed to turn his motor vehicle to the left or right in an effort to avoid the collision complained of;

    C.    In that Defendant BRYAN CURTIS MORRIS, a professional driver of a tractor/trailer, failed to maintain a clear and reasonable distance between Plaintiff's motor vehicle and Defendant BRYAN CURTIS MORRIS's motor vehicle, which would permit Defendant BRYAN CURTIS MORRIS to bring his motor vehicle to a safe

stop without colliding into Plaintiff's motor vehicle;

D. In that Defendant BRYAN CURTIS MORRIS, a professional driver of a tractor/trailer, failed to keep such distance away from Plaintiff's motor vehicle as a person using ordinary prudent care would have done;

E. In that Defendant BRYAN CURTIS MORRIS, a professional driver of a tractor/trailer, was operating his motor vehicle at a rate of speed which was greater than that would have been operated by a person of ordinary prudence under the same or similar circumstances;

F. In that Defendant BRYAN CURTIS MORRIS, a professional driver of a tractor/trailer, failed to apply his brakes to his motor vehicle in a timely and prudent manner and/or wholly failed to apply his brakes in order to avoid the collision in question;

G. In that Defendant BRYAN CURTIS MORRIS, a professional driver of a tractor/trailer, failed to stop, yield, and grant immediate use of the roadway to Plaintiff;

H. In that Defendant BRYAN CURTIS MORRIS, a professional driver of a tractor/trailer, failed to turn his vehicle to the left or right, to avoid the collision the basis of Plaintiff's suit;

I. In that Defendant BRYAN CURTIS MORRIS, a professional driver of a tractor/trailer, was using his cellular telephone device and was therefore a hazard to the general public.

17. Defendant BRYAN CURTIS MORRIS who holds himself out as a professional truck driver, operated the truck-tractor in an unsafe manner, and such acts presented an unreasonable risk of serious injury. Defendant BRYAN CURTIS MORRIS' negligent acts and/or omissions were the direct and proximate cause of the wreck, as were the various negligent actions and/or omissions of the corporate and other Defendants, as described herein above and below.

## VI.
## NEGLIGENCE CLAIMS AGAINST DEFENDANTS

18. Moreover, Defendants BAYOU LOGISTICS, LLC, ANREW J. BENNETT, and DELTA SALES AND LEASING, INC., are directly negligent, in that they failed to properly maintain, inspect, train and supervise its driver, Defendant MORRIS, relating to the operation of the tractor/trailer. All the negligent acts and/or omissions described above proximately caused the injuries and damages the Plaintiff has suffered as detailed below.

## VII.
## PLAINTIFF'S CLAIMS OF NEGLIGENT ENTRUSTMENT AGAINST DEFENDANTS' BAYOU LOGISTICS, LLC, ANDREW J. BENNETT, AND DELTA SALES AND LEASING, INC.

19. On May 15, 2021, Defendants were the employer or statutory employer of BRYAN CURTIS MORRIS.

20. Defendant BRYAN CURTIS MORRIS, a reckless and incompetent driver, was driving the vehicle for the benefit of and under the direction of Defendants.

21. Defendant knew, or through the exercise of reasonable care should have known, that BRYAN CURTIS MORRIS was a reckless and incompetent driver.

22. As described herein, BRYAN CURTIS MORRIS was negligent on the occasion in question.

23. BRYAN CURTIS MORRIS's negligence was the proximate cause of Plaintiff's damages.

## VIII.
## RESPONDEAT SUPERIOR

24. Defendants BAYOU LOGISTICS, LLC, ANREW J. BENNETT, and DELTA SALES AND LEASING, INC., as Defendant BRYAN CURTIS MORRIS's employer (or statutory employer) on the date of the incident, are liable under the doctrine of *respondeat superior*

or the statutory employee doctrine in that the actions and/or omissions of Defendant BRYAN CURTIS MORRIS were performed in the course and scope of his employment with Defendants and while under the dispatch of Defendants BAYOU LOGISTICS, LLC, ANREW J. BENNETT, and DELTA SALES AND LEASING, INC. As such, such Defendants are liable for Defendant MORRIS' negligent actions and/or omissions under the doctrine of respondeat superior and/or the statutory employee doctrine.

## IX.
## **EXEMPLARY DAMAGES**

25. Defendants' acts or omissions described above, when viewed from the standpoint of Defendants at the time of the act or omission, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiff and others. Defendants had actual, subjective awareness of the risks involved in the above-described acts or omissions, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of Plaintiff and others.

26. Based on the facts stated herein, Plaintiff requests exemplary damages be awarded to Plaintiff from each Defendant.

27. Defendants acts or omissions described above, when viewed from the standpoint of Defendants at the time of the act or omission, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiff and others. Defendants had actual, subjective awareness of the risks involved with the above-described acts or omissions, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of Plaintiff.

28. Based on the facts stated herein, Plaintiff requests exemplary damages be awarded to Plaintiff from Defendants.

## X.

## DAMAGES FOR PLAINTIFF LUIS RAMOS-ORTIZ

29. As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff LUIS ALBERTO RAMOS-ORTIZ was caused to suffer serious personal and physical injuries to his knees, low back, and neck, has had surgical intervention, and has incurred the following damages:

    a.    Reasonable medical care and expenses in the past in an amount that is continuing to accumulate as the Plaintiff continues to treat for his ongoing injuries. These expenses were incurred and will continue to be incurred by Plaintiff, LUIS ALBERTO RAMOS-ORTIZ for the necessary care and treatment of the injuries resulting from the accident complained of herein, and such charges are reasonable and were usual and customary charges for such services in ORANGE County, Texas;

    b.    Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future. As the Plaintiff continues to treat, this amount accumulates and is ongoing;

    c.    Physical pain and suffering in the past;

    d.    Physical pain and suffering which, in all reasonable probability, will be suffered in the future;

    e.    Physical impairment in the past;

    f.    Physical impairment which, in all reasonable probability, will be suffered in the future;

    g.    Loss of earnings and/or the capacity to earn, in the past;

    h.    Loss of earning capacity and/or the capacity to earn, which will, in all probability, be incurred in the future;

    i.    Property damages;

    j.    Mental anguish in the past;

    k.    Mental anguish which, in all reasonable probability, will be suffered in the future;

    l.    Fear of future disease or condition; and

    m.    Cost of medical monitoring and prevention in the future.

## XI.
## MISNOMER AND MISIDENTIFICATION

30.    In the event that Plaintiff has misspelled the name of a party or incorrectly identified the entity (such as L.L.C. versus Inc.), Plaintiff pleads misnomer and misidentification.

## XII.
## CONDITIONS PRECEDENT

31.    Pursuant to Rule 54 of the Texas Rules of Civil Procedure, Plaintiff avers that all conditions precedent, if any are required, have been performed or have occurred and that every notice required by law to be given has been properly and timely given to all named Defendants.

## XIII.
## NOTICE PURSUANT TO RULE 193.7

32.    Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Plaintiff hereby gives notice to Defendants of Plaintiff's intent to use, at trial and/or hearing, any and all documents produced by Defendants in the above-referenced litigation.

33.    Plaintiff demands a trial by jury and have tendered the appropriate jury fee.

## PRAYER

**WHEREFORE,** Plaintiff LUIS ALBERTO RAMOS-ORTIZ respectfully prays that the Defendants BRYAN CURTIS MORRIS, BAYOU LOGISTICS, LLC, ANREW J. BENNETT, and DELTA SALES AND LEASING, INC., be cited to appear and answer, and that upon a final trial of this cause, judgment be entered for the Plaintiff against Defendants, jointly and severally, for damages in an amount within the jurisdictional limits of the Court; exemplary damages, as addressed to each Defendant per Section 41.006, Chapter 41, Texas Civil Practice and Remedies Code, including interest, and as allowed by Sec. 41.008, Chapter 41, Texas Civil Practice and Remedies Code, together with pre-judgment interest (from the date of injury through the date of

judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

**LAW OFFICE OF JOE A. GAMEZ, P.C.**

By: _____

JOE A. GAMEZ
Texas Bar No. 07607200
VINCENT P. VASQUEZ
Texas Bar No. 24066237
Email: v.vasquez@jagamezlaw.com
1119 Fresno
San Antonio, Texas 78201
Tel. (210) 736-4040
Fax. (210) 734-0100

**ATTORNEYS FOR PLAINTIFF
LUIS ALBERTO RAMOS-ORTIZ**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of this document has been forwarded, pursuant to Tex. R. Civ. P. 21a, on this August 15, 2022, to the following counsel of record:

**Via E-Service:**
Gina A. Lucero
LUCERO WOLLAM, PLLC
1776 Yorktown, Suite 100
Houston, Texas 77056

_____
JOE A. GAMEZ
VINCENT P. VASQUEZ

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Joe Gamez on behalf of Vincent Vasquez
Bar No. 24066237
lawofficejag@gmail.com
Envelope ID: 67372932
Status as of 8/17/2022 9:39 AM CST

Associated Case Party: ByanCurtisMorris

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Gina A.Lucero | | glucero@lucerowollam.com | 8/17/2022 9:33:24 AM | SENT |

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Joe Gamez on behalf of Vincent Vasquez
Bar No. 24066237
lawofficejag@gmail.com
Envelope ID: 67372932
Status as of 8/17/2022 9:39 AM CST
Associated Case Party: Delta Sales & Leasing, Inc.

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Gina A.Lucero | | glucero@lucerowollam.com | 8/17/2022 9:33:24 AM | SENT |
| Perla JPuente | | ppuente@lucerowollam.com | 8/17/2022 9:33:24 AM | SENT |

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Joe Gamez on behalf of Vincent Vasquez
Bar No. 24066237
lawofficejag@gmail.com
Envelope ID: 67372932
Status as of 8/17/2022 9:39 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
| --- | --- | --- | --- | --- |
| Julian Ramirez | | jramirez@lucerowollam.com | 8/17/2022 9:33:24 AM | SENT |
| Heather O'harra | | hoharra@lucerowollam.com | 8/17/2022 9:33:24 AM | SENT |
| Vincent Vasquez | | v.vasquez@jagamezlaw.com | 8/17/2022 9:33:24 AM | SENT |
| Kimberley Gonzales | | k.gonzales@jagamezlaw.com | 8/17/2022 9:33:24 AM | SENT |